PEOPLE ex rel. BUFFALO STEAM ROLLER CO. v. LAIDLAW et al.,
Town Board.

(Supreme Court, Appellate Division, Fourth Department.  March 5, 1913.)

TOWNS (§ 39*)—CONTRACTS—LEASING STEAM ROLLERS—STATUTES.

 The only way that a steam roller can be leased to a town is under Highway Law (Consol. Laws 1909, c. 25) § 50, which requires that the rental rate shall be fixed and approved by the town board, and where a steam roller has been contracted for and used a year, but the town board has refused to fix or approve the rental, no recovery can be had on quantum meruit or otherwise.

 [Ed. Note.—For other cases, see Towns, Cent. Dig. §§ 73, 74; Dec. Dig. § 39.*]

Certiorari by the People, on the relation of the Buffalo Steam Roller Company, to review findings of Archibald M. Laidlaw and others, constituting the town board of Ellicottville.  Writ dismissed.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Carlton E. Ladd, of Buffalo, for relator.
James P. Quigley, of Salamanca, for defendants.

LAMBERT, J.  The town superintendent of the town of Ellicottville, with the approval of the county superintendent, entered into a contract with relator in April, 1910, for a steam roller.  This contract is the same in its essentials as the one involved in Gardner v. Town of Cameron, 140 N. Y. Supp. 634, decided at this term.  The rental, so called, was paid for the year 1910.  The following year a renewal of the first contract was executed by the town superintendent, and the town has had the use of the machine, and has not paid therefor.  The

claim in question is for such year's use of such machine. The town board, sitting as a board of audit, have rejected the claim, and this proceeding is instituted by a writ of certiorari to review such action.

Considering the contract as a lease, its sole authorization is to be found in section 50 of the Highway Law. That section distinctly provides that the rate of rental is to be fixed by the town board, not exceeding, however, the statutory maximum of $10 per day. That body has never fixed any rental rate for the year 1911, and has uniformly refused to do so. Treating the contract in question as a lease, I am of the opinion that the provisions of section 50 of the Highway Law compel, as a prerequisite to a valid lease of a roller, that the rental rate shall be fixed and approved by the town board. The rental is an essential ingredient of the contract, and the town superintendent is only authorized to rent at such rate as is fixed by the town board. This conclusion compels the dismissal of the writ, for, the statute having pointed out the way in which a valid lease could be made, compliance with that mode must be shown before any liability arises against the town.

In the Cameron Case, the conclusion reached, that a contract such as this was one of purchase and sale, and not a lease, compels the conclusion in this case that the very basis of the claim presented is a void and unenforceable contract. That being so, there can be no recovery for the contract price. The evidence introduced in these proceedings is quite conclusive that the agreement under and through which the steam roller went into the possession of the town superintendent was understood and construed as one of purchase and sale; at least the Roller Company so construed the contract in its correspondence. Treated as a sale, it is conceded that it offends section 50 of the statute. Nor do I see how it can be said that the other provisions of the Highway Law, regulating, in general terms, the manner of caring for the highways, can be given any controlling effect upon the question here presented. By section 50 the Legislature has seen fit to regulate specifically the manner in which a lease may lawfully be made, and that section is to be deemed conclusive in the matters to which it refers.

At first sight, it may seem that these conclusions are harsh, in that they prohibit recovery for the use of the roller which the town has actually had. But the relator has continued in this transaction with full knowledge that the town board disapproved the same, and that it uniformly refused to fix any rate of rental. Under these circumstances, it must be held that the Roller Company chose to speculate its one year rental upon the chance of compelling the town to eventually purchase, and is in no situation to complain of results.

No allowance upon the basis of quantum meruit is possible, as it is only in compliance with the statutory requirements that any authority for renting a machine exists. If the town board had fixed the rate of rental, and the town superintendent, in pursuance thereof rented the roller for the actual requirements of the town, an implied obligation to pay therefor would very likely follow. That question, however, is not here, and hence its decision is neither required nor justified.

I recommend the dismissal of the writ and the confirmation of the proceedings of the town board, with $50 costs, besides disbursements against the relator. All concur.