(83 Misc. Rep. 162.)

### SHOEMAKER v. BUFFALO STEAM ROLLER CO. et al.

(Supreme Court, Equity Term, Steuben County.   December 6, 1912.)

1. TOWNS (§ 38*)—CONTRACTS—PURCHASE OF ROAD ROLLER—VALIDITY.

   Under Highway Law (Consol. Laws 1909, c. 25) § 94, providing that a town shall not purchase a steam roller and pay therefor a greater sum than $500 a year without first submitting the question to the voters at a town meeting, a contract for the conditional purchase of a road roller by a town providing for an annual payment of $640 as rent, the roller company agreeing that if the annual rent was paid during a specified time it would execute a bill of sale to the town therefor, without submitting the question to the voters at a town meeting, was void.

   [Ed. Note.—For other cases, see Towns, Cent. Dig. § 72; Dec. Dig. § 38.*]

2. TOWNS (§ 61*)—INVALID CONTRACT—TAXPAYER'S ACTION.

   Where plaintiff was a taxpayer of a town when an illegal contract by the town for the purchase of a road roller was made and when an action to vacate the same was brought, he had capacity to sue.

   [Ed. Note.—For other cases, see Towns, Cent. Dig. § 104; Dec. Dig. § 61.*]

3. SALES (§ 92*)—INVALID CONTRACT—CANCELLATION—TAXPAYER'S ACTION.

   Where a town purchased a road roller under an illegal contract which was canceled by agreement of the parties on May 25, 1912, but the cancellation was not effectual until the roller was actually returned and accepted by the seller, which did not occur until some days after suit was brought by a taxpayer to cancel it, the agreement of cancellation was no bar to the action.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 257, 259; Dec. Dig. § 92.*]

4. ASSUMPSIT, ACTION OF (§ 7*)—CONTRACTS—PURCHASE OF ROAD ROLLER—INVALIDITY—RENT—QUANTUM MERUIT.

   Highway Law (Consol. Laws 1909, c. 25) § 50, authorizes town boards to rent steam rollers at not exceeding $10 a day, and section 94 provides that a town may not purchase such a roller and pay a greater sum than $500 a year therefor without first submitting the question to the voters of the town meeting. *Held*, that where the members of a town board discussed the necessity of renting a roller, and in good faith contracted to rent a roller from the defendant for $640 a year under a contract which was in fact invalid as a contract of conditional sale because not submitted to the voters, and the town thereafter used the machine for more than 128 days before the contract was canceled, the roller

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date & Ren'r Indexes

company was entitled to recover such amount on a quantum meruit for the use of the machine notwithstanding the invalidity of the contract.

[Ed. Note.—For other cases, see Assumpsit, Action of, Cent. Dig. §§ 37–41; Dec. Dig. § 7.*]

Taxpayer's action by Egbert Shoemaker against the Buffalo Steam Roller Company and others to set aside a contract between the Town of Campbell and the defendant roller company for the conditional purchase and sale of a road roller and to recover back moneys paid thereunder. Judgment for plaintiff for costs against defendant roller company.

James O. Sebring, of Corning, for plaintiff.

Edward R. O'Malley, of Buffalo, for defendant Roller Co.

W. J. & G. W. Cheney, of Corning, for defendant Frank McCabe.

Herbert A. Heminway, of Corning, for defendant Town of Campbell and others.

CLARK, J. In this action the plaintiff, a taxpayer of the town of Campbell, Steuben county, seeks to set aside a contract made between the Buffalo Steam Roller Company and the town of Campbell, dated February 21, 1910, on the ground that the town officials were without power to enter into the contract and that it is void.

There is no proof of any fraud in connection with this transaction, and the good faith of the parties cannot be questioned. The evidence establishes clearly that the conversations which led up to the making of this agreement, at least so far as the town officials were concerned, had in view the leasing and not the purchase of a steam roller; but the contract as finally executed is in fact a conditional contract for the purchase and sale of the steam roller, with an annual payment of $640, which the agreement said was to be "rent," and if the town kept the roller up to the 31st day of October, 1914, paying $640 annually as "rent" therefor, then the Buffalo Steam Roller Company agreed to make, execute, and deliver to the town a bill of sale of said roller, whereupon the title thereto was to vest in the town of Campbell.

[1] A town cannot purchase a steam roller and pay therefor a greater sum than $500 per year, without first submitting the question to the voters at a town meeting, and that was not done in this case. Highway Law (Consol. Laws 1909, c. 25) § 94.

This being a contract for the conditional purchase and sale of the steam roller, it must be held that the instrument was invalid. Gardner v. Town of Cameron, 155 App. Div. 750, 140 N. Y. Supp. 634.

[2] It is undisputed that plaintiff was a taxpayer in the town of Campbell, both when the agreement in question was made and when this action was commenced, and therefore he was clearly within his rights in bringing it. Rogers v. O'Brien, 153 N. Y. 357, 47 N. E. 456; Water Co. v. Monroe, 83 App. Div. 105, 82 N. Y. Supp. 610.

[3] It is urged by the learned counsel for defendant steam roller company that plaintiff cannot maintain this action because the contract was canceled by agreement of the parties on or about May 25, 1912; whereas, the action was not commenced until the 5th day of June, 1912.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is true that an agreement was made about that time between the town officials and the steam roller company, whereby it was understood that there should be no further payments under the contract, and that the company would take back the roller, but that agreement to cancel the contract was not effectual until the roller had actually been returned to and accepted by the company, which was some 10 days after the action had been commenced, so the contract was actually in existence when the summons was served.

[4] The contract having been entered into in good faith, a steam roller was delivered to the town and was actually used by it during the years 1910–11, the full number of days paid for by the town.

It is undisputed that the work done by the roller was beneficial to the town and its taxpayers, and resulted in doing the highway work at a figure considerably lower than had been paid for the maintenance of highways prior to the time they used a roller. It was a machine that was suited to the needs of the highways of the town, and defendant company urges that, even though the contract is void, whatever moneys have been paid should be applied for the use of the roller.

Plaintiff, on the other hand, urges that the contract should be set aside as void, both as a bill of sale and as a lease; that the authorities had no power to enter into such an agreement; and that whatever moneys have been paid to the Buffalo Steam Roller Company should be returned to the town, and he cites People ex rel. Buffalo Steam Roller Co. v. Laidlaw, 155 App. Div. 759, 140 N. Y. Supp. 641, as an authority holding squarely that, the contract being void, the steam roller company cannot be paid even for the time the town actually used the machine. As I read the record in the Laidlaw Case, it differs from the facts established by the evidence in this case in one or two very important particulars. In the opinion of Mr. Justice Lambert in that case, he emphasizes the fact that the town board had never fixed any rental for the use of the steam roller for the year 1911; the company in that action seeking to make the town pay for the use of the roller for that year. In the case at bar it is established that before the contract in question was made there were several meetings between agents of different steam roller manufacturers and the town officials in which the question of leasing a steam roller for the town was discussed. The matter of leasing such an appliance had been discussed informally by the town officials for a considerable time. Most of these conversations were had between members of the town board individually as they met each other at different times in the town, and then more formally when they would get together and have town board meetings. They discussed what the expense would be to lease a steam roller, and which roller would be the best suited for the needs of the town; they talked over the price they would be charged, and which they could pay per day for the rental of such a machine, and $10 a day for rent thereof when it was in actual use was thought to be reasonable, and that was the price charged by the various steam roller manufacturers. The supervisor conferred with the town superintendent as to the number of days they would require a steam roller each year on the highways in the town of Campbell, and he stated that they would have use for it

much more than 64 days per year. The number of miles of highway in the town was mentioned, the former expense of maintaining highways under the old system was considered and compared with the probable expense of using a steam roller, and all of these matters were considered and discussed by members of the town board individually at various times, and finally in a formal meeting of the town board February 21, 1910, a resolution was passed to lease of the Buffalo Steam Roller Company the roller in question. The resolution was in writing, and was voted for by a majority of the town board, and that was followed by the making of the contract in question.

I think that these various conversations, the resolution adopted February 21, 1910, and the agreement itself, should be read together, and from them all it would seem that the rental rate was actually understood, agreed upon, and fixed before the contract was executed.

Section 50 of the Highway Law distinctly authorizes town boards to rent steam rollers at a rental not exceeding $10 a day for each day such roller is actually used upon the highways. The town officials by their conversations and the resolution in evidence and the contract itself intended and attempted to fix the rate of rental at $10 a day for the time the roller was used, and the town superintendent of highways actually used it on the highways of the town in 1910–11 more than 128 days.

The town and its inhabitants, the plaintiff being among the number, had the benefit of the use of this roller, and the moneys already paid the steam roller company by the town, being $1,280, were no more than a fair price for the use of the machine, and even though the contract must be deemed void under the authority of Gardner v. Cameron, supra, the town having received benefits thereunder, the steam roller company should be entitled to recover on a quantum meruit for the use of the machine. The town authorities having substantially complied with the statute in the matter of fixing the rate of rental before the contract was executed, and the town having had the use and benefit of the machine for over 128 days in the years 1910–11, a court of equity is justified in holding that there is an implied obligation on the part of the town to pay a reasonable sum for the use of the machine. 1 Dillon on Municipal Corporations, §§ 126, 132, 133; Warner v. New Orleans, 87 Fed. 829, 31 C. C. A. 238; Brown v. City of Atchinson, 39 Kan. 37, 17 Pac. 465, 7 Am. St. Rep. 515.

It must be held therefore:

First. That the contract in question is illegal, null, and void, because it was in effect a conditional contract to purchase a steam roller for the town of Campbell, the agreement providing for annual payments of more than $500 each, and that the matter had never been submitted to a vote of a town meeting, and that the town authorities had no power to make the contract without such vote.

Second. That the town of Campbell having paid $1,280 to the Buffalo Steam Roller Company, which was a fair and reasonable price for the use of the machine for the number of days the town actually used it on its highways, said roller company is legally and equitably entitled to retain said moneys for the use of said steam roller, and

that said moneys should be offset against plaintiff's claim that they be refunded to the town of Campbell.

Third. That the defendants Turnbull, Platt, Evans, Burrows, Mc-Cabe, and Frederich, town officials of said town, having acted in good faith, it is adjudged that they are not personally, individually, separately, or collectively liable to repay or refund to the town said sum of $1,280, or any part thereof, and that the complaint as to each of said defendants should be dismissed, without costs.

Fourth. Plaintiff, having authority as a taxpayer to bring this action to have a contract then in existence adjudged void, and he having succeeded on that branch of the case, is awarded costs against defendant Buffalo Steam Roller Company.

Findings may be submitted and judgment entered in accordance with these views.